**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**SEP 1 4 2011**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF ARKANSAS

**CASEY ROBERTS,**
            Plaintiff,

-Vs-                                          Case No. _4:11-CV-681 BRW_

**KEVMAR CAPITAL CORPORATION and**           **Jury Demand**

**JPMORGAN CHASE - CHASE BANK USA NA.,**     This case assigned to District Judge _Wilson_
            Defendants.                       and to Magistrate Judge_____ _Kearney_

_____/

## COMPLAINT

1. Casey Roberts is the pro se Plaintiff (hereafter Roberts) in this cause of action who resides at 26 Campden Hill Rd in the City of Sherwood, County of Pulaski, and State of Arkansas. Phone (501) 833-0503: Email; croberts@cfr1.us

2. Kevmar Capital Corporation (hereafter Kevmar) is an Arkansas Corporation whose registered agent is Bryan Hosto with an address listed as 28 Bretagne Circle, Little Rock 72223, County of Pulaski and State Arkansas.

**3.** JP Morgan Chase, operates a nationally chartered bank, Chase Bank USA NA (hereafter Chase) is incorporated in Delaware with a principle place of business in New York, NY. Service can be made upon its registered Agent: The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1337; 28 U.S.C. 1331 and 1367. Supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. This Court has personal jurisdiction over JP Morgan Chase, Chase Bank USA NA, which has at least minimum contacts with the State of Arkansas because it has conducted business here and has purposefully availed itself of the resources and privileges of this State through its promotion, sales, and marketing efforts.

3. This action arises out of JP Morgan Chase, Chase Bank USA NA and  Kevmar Capital Corporation  violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Arkansas Fair Debt Collection Practices Act 17-24-501 (AFDCPA) and Truth in Lending Act 15 U.S.C. §1601, 1666j & Regulation Z, 12 CFR part 226; AFDCPA 17-24-501 and other relevant laws of the State of Arkansas.

## VENUE

1. Venue is proper as the acts and transaction complained of occurred here in the State of Arkansas.

## FACTUAL ALLEGATIONS

1. On information and belief, Roberts in 2003 incurred a financial obligation that was primarily for personal, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Chase Credit Card in the approximate amount of $1,200.00.

2. Upon information and belief Chase modified or amended or supplemented the initial cardholder agreement without Roberts consent by inclusion of a payment protection plan and did not provide an opt-out procedure.

3. Upon information and belief Chase marketed said Payment Protection Plan as a service that would safeguard Roberts's credit card account by crediting the required minimum monthly payments due. In such circumstances, Roberts was not required to pay the monthly interest charges or the Payment Protection Plan fee for the month in question.

4. Roberts attempted to prosecute a claim for benefits between May 2007 and June of 2008 and was unsuccessful because the contact point was a telephone answering system; or when live persons could be reached they couldn't speak clear English or understand the nature of the complaint, and Roberts was unsuccessful in creating a claim.

5. Upon information and belief Chase operated the Payment Protection Plan in such a way as to create large profits for Chase while knowing that the payment protection plan was worthless or virtually worthless because of the way it was operated, despite the fee it was charging Roberts. Further, the imposition of the fee created a cycle of profitability for Chase, in that the fee itself

increased Roberts's monthly credit balances, which in turn increases Payment Protection fees in upcoming months in which interest was added.

6. Upon information and belief Chase established its customer service system in such a way that it was difficult for anyone including Roberts to cancel Payment Protection, to get detailed claim information about benefits or to file a claim.

7. Upon information and belief Chase modified the initial contract by adding the payment protection inclusion without Roberts consent and a means to opt out of the plan. That single act violated 6 Del. Code Ann. §§2511-2537 (Delaware Statutes controls because Chase's contract provides that Delaware law shall be the standard for any dispute regarding its contracts with its account holders).

8. Upon information and belief Chase failed to disclose in its applications, solicitations, billing statement or otherwise that the fee charged for the Payment Protection Plan was a finance charge; that the minimum payment did not include all fees imposed, and that interest is charged on penalty fees and costs with the Plan.

9. Upon information and belief Chase, knew or ought to have known that it's Payment Protection Plan would benefit Chase to the express disadvantage of Roberts.

10. Upon information and belief Chase, while engaged in interstate commerce, sold Roberts credit card account and asserted to the buyer that it held a valid contract with specific rights. Those rights offered for assignment to the buyer would enable the buyer to do all that Chase could do including collection of any outstanding debt, and Chase represented that the amount of debt and interest charged was accurate.

11. Upon information and belief Chase consummated a sale of Roberts credit card account effective September 15, 2010 and provided to the buyer an assignment that it knew, or should have

4

known, had been breached by its inaccurate and deceptive acts and, nevertheless used those representations in support of the sale of the account.

12. Upon information and belief, on or about September 27, 2010, Kevmar Capital Corporation was the second purchaser of a Credit Card account of Casey Roberts initially owned by Chase Bank USA NA. Account # 4475 in the amount of$2,228.07.

13. On or about November 19, 2010 Kevmar filed a lawsuit against Roberts in the District Court of Pulaski County Arkansas, alleging: "Debt on a Credit Card" with an outstanding balance of $2,228.07 plus interest in the amount of $236.97 as of the date of filing for a Total $2,465.04. In addition Kevmar is seeking prejudgment interest at the contract rate to date of judgment, and post judgment interest at maximum allowed by law plus attorney fees.

14. Upon information and belief between September 27, 2010 and November 19, 2010 Kevmar failed to make demands or give notice of the debt to Roberts prior to filing a lawsuit.

15. Upon information and belief, the debt $2,228.07 claimed by Kevmar was excessive.

16. Upon information and belief, the amount of interest, $236.97 claimed by Kevmar as of November 19, 2010 was excessive and continues to present

17. Upon information and belief, Kevmar is attempting to collect a sum not founded upon any lawful instrument of indebtedness

18. Upon information and belief Kevmar has added excessive fees to their claim.

19. On July 17, 2011 following denial of Roberts' Motion to compel production of documents in the District Court of Sherwood Pulaski County Arkansas, the Court set a trial date for September 13, 2011.

20. On August 1, 2011 Roberts received notice that he was a member of a class action lawsuit involving Chase Bank USA NA. i.e.; **Kardonick –v- Chase Bank USA NA Case No. 1: 10-cv-**

**23235-WMH,** in the Southern District of Florida with a local class representative in the Eastern District of Arkansas, **David -v- Chase Bank USA NA Case No. 4: 10-cv-01415-JMM** joined as a named party.

21. On August 10, 2011 Roberts filed an Amended Answer with supporting affidavit, Cross Claims and Cross Complaint which was based on the Notice of membership in a class action and the various state and federal violations of his rights.

22. On August 12, 2011 Kevmar filed a motion for summary judgment averring that it held the assignment with full rights although they refused to produce the same and the District Court declined to compel the contract or agreement. Nevertheless  Chase's settlement proposal contends that it can still determine and designate the status of accounts as to whether an Account is "charged off" or "not charged off" regardless of whether it was sold or not leaving in question as to what rights were sold, if any, potentially exposing Roberts to future litigation.

23. On August 24, 2011 (date of service) Kevmar filed their Answer to Counter Claim and Motion to Dismiss Counter Claim and Third Party Complaint.

24. On September 13, 2011 at the set trial date the Court simply dismissed Roberts Counter Claims, Cross Claims and Third Party complaint relying principally on Kevmar's assertion that the Ark Dist. Ct. R. 7 (d) would cause the loss of that court's jurisdiction. The Court dismissal resulted in all of Roberts' claims under FDCPA and AFDCPA being dismissed despite the fact that the District Court of Sherwood in Pulaski County Arkansas is a court of competent jurisdiction within the meaning of the FDCPA.

25. These actions by Kevmar in concert with the local Court has resulted in abuse of process and the depravation of Rights secured to Roberts under the First, Fifth, and Fourteenth Amendment to

the United States Constitution and Title 42 U.S.C. Section 1983 of the United State Code and the FDCPA.

26. Kevmar's conduct was wanton, willful and oppressive, thus entitling Roberts to punitive and exemplary damages.


## COUNT I

### Breach of Contract

27. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

28. Upon information and belief Chase contends that it entered a contractual agreement referred to as the Cardholder Agreement with Roberts. Sometime thereafter, without Roberts's consent Chase created and published an addendum to that agreement called a Payment Protection Plan and charged Roberts a monthly fee.

29. Upon information and belief Chase breached its duty of good faith and fair dealing to Roberts through its marketing and Payment Protection administrative policies, resulting in injury to Roberts.

30. Upon information and belief, the subsequent statements made by Chase were positive representations that Payment Protection would provide certain benefits in the event of specified losses. These statements were made for the purpose of keeping Roberts in the Payment Protection Plan. These statements constituted misrepresentations of material fact, and Chase knew or should have known of the falsity of their representations.

31. Roberts reasonably relied upon Chase's misrepresentations of Payment Protection thereby causing Him injury.

## COUNT II

32. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

33. Upon information and belief Chase enrolled Roberts in its Payment Protection Plan without his consent, did not provide opt out provisions, and did not reveal the fee structure.

34. Chase's failure to disclose in its credit card agreement, solicitations, and billing statements that the premium charged for Payment Protection was a finance charge, that the minimum payment does not include all fees imposed, and that interest is charged on penalty fees and costs in connection with it Payment Protection Plan.

35. This act caused injury to Roberts and Chase is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## COUNT III

36. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

37. Upon information and belief, Chase modified, amended, or supplemented Roberts' cardholder agreement to provide for Payment Protection benefits without his consent.

38. Upon information and belief, the terms and conditions of this agreement are embodied in written materials in the possession of Chase.

39. Implied within this agreement were the covenants of good faith and fair dealing. As such, each party had a duty of good faith and fair dealing.

40. By making it exceedingly difficult, if not nearly impossible, to make Payment Protection claims, Chase took action which had the effect of destroying any benefit to Roberts' rights to obtain the Payment Protection benefits he was charged for. Such conduct constitutes an absence of good faith on the part of Chase.

41. Chase has thus breached the covenant of good faith and fair dealing inherent in the Payment Protection agreement and/or other cardholder documents.

42. Roberts performed substantially the obligations imposed on Him in the Payment Protection Plan agreement.

43. Roberts has sustained damages as a result of Chase's breach of the covenant of good faith and fair dealing.

44. As result this act caused injury to Roberts and Chase is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

**COUNT IV**

45. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

46. Chase's conduct, as described in the preceding paragraphs of this Complaint constitutes unfair or deceptive acts or practices in trade or commerce. Specifically, Chase's practices consisted of at a minimum:

**a.** unilaterally imposed Payment Protection on Robert's credit card account.

**b.** failed to disclose to Roberts that Payment Protection was an optional plan and he had an option to "opt out" of the Payment Protection Plan.

**c.** Chase did not obtain affirmative consent from Roberts prior to enrolling his card in the Payment Protection Plan;

**d.** Chase did not provide Roberts with sufficient information to understand the terms and conditions of Payment Protection prior to enrolling him;

**e.** Upon information and belief Chase's documents of Payment of Protection were ineffective, ambiguous, deceptive, unfair, and misleading in that they did not require an affirmative consent (like his signature).

**f.** Chase charged amounts in fees for Payment Protection not rationally related to the amount of value Payment Protection it provided to Roberts, nor was the value of Payment Protection computable or discernible by Roberts;

**g.** Chase charged Roberts a fee for Payment Protection, much more than the value of the benefits offered because the Payment Protection Plan was not identified as an insurance product, which would require Chase to provide fees and claims-paid data to state authorities for review and regulation;

**h.** Chase operated its customer service centers in such a way as to make it difficult, if not impossible, for Roberts to cancel enrollment, obtain information about the terms and conditions of the Payment Protection coverage or file a claim.

i. Chase operated its customer service centers in such a way as to maximize Payment Protection fees and minimizes the amount of benefits it pays.

j. Chase used complicated means to make it excessively difficult for Roberts to file his claims and obtain Payment Protection benefits, thus rendering worthless or virtually worthless program for which Roberts paid substantial fees.

43. Chase's unlawful conduct as described herein caused injury to Roberts in the form of the fees paid for enrollment in its Payment Protection program, which was worthless or virtually worthless.

47. The unfair or deceptive acts or practices of Chase as alleged herein were willful and knowing violations of the law.

48. As result this act caused injury to Roberts and Chase is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## COUNT V

### Unjust Enrichment

49. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

50. Upon information and belief Chase enrolled Roberts in its Pay Protection Plan and in so doing withheld material terms from him prior to the activation that includes: Payment Protection charges, benefits, limitations, restrictions, and exclusions associated with the product.

51. Chase was unjustly enriched by charging Roberts sums for Payment Protection coverage that were in excess of amounts which would have been permissible had the Payment Protection Plan been properly identified as an insurance product.

52. Chase was unjustly enriched by its custom policy or practice of enrolling Roberts in Payment Protection Plan and charging him a fee without his consent.

53. Chase was unjustly enriched by the practice of withholding material terms of Payment Protection until after the product was charged to Roberts' credit card.

54. Chase was unjustly enriched by its business practice of making it impermissibly difficult for Roberts to actually receive coverage benefit under its Payment Protection Plan rendering it virtually worthless. Such unconscionable acts include, but are not limited to:

    a. Establishing a telephone number that does not allow for claimants to speak to a live person,

    b. Speaking to a person that is properly trained to handle Payment Protection claims,

    c. Speak to a live person who could clearly speak in English that is readily understandable.

55. Chase was unjustly enriched by charging Roberts for illusory benefits.

56. Chase's actions constitute unjust enrichment.

57. Roberts suffered actual damages for which Chase is liable.

58. As result this act caused injury to Roberts and Chase is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

59. Chase s liability for these damages should be measured by the extent of its unjust enrichment.

**Count VI**

60. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

61. Upon information and belief Chase reported to several Credit Bureaus that the Chase Card account of Roberts was delinquent by a certain amount, and increased that amount by each report it made impacting the credit worthiness of Roberts.

62. Chase misrepresented these amounts where the sums were the direct and approximate result of its unlawful and illegal deceptive practice of charging interest on its Payment Protection Plan fees.

63. Chase numerous actions injured Roberts through the publishing of this inaccurate information causing credit scoring that resulted in a higher interest rate that Chase benefited from in the application of its internal interest rates.

64. As result this act caused injury to Roberts and Chase is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

**Count VII**

65. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

66. Upon information and belief Chase sold Roberts' credit card account while engaging in interstate commerce in an effort to conceal its unlawful and illegal actions and to deprive Roberts of certain protected rights. Specifically; Indemnification:

   a. Roberts is informed and believes and therefore alleges that he entered into a cardholder agreement in 2003 with Chase. Subsequently, Chase enrolled Roberts in a Payment Protection Plan without his consent or approval, and charged monthly fees for that Plan for years.

   b. In May of 2007 Roberts became disabled and tried contacting Chase to obtain the benefit he was being charged for and finally gave up the effort in April of 2008.

    **c.**  This Payment Protection Plan provides that Chase shall indemnify Roberts, against losses on the Chase Credit Card Account that is the subject of Kevmar's claims in the State lawsuit.

    **d.** Roberts demands that Chase, defend and indemnify, release and hold harmless Roberts for any claims or sums claimed by Kevmar by way of settlement, judgment or otherwise in the underlying action.

67. Chase's actions of selling inaccurate credit card account information amounts to deceptive and unfair practices resulting in injury to Roberts in having to defend an unjust and inaccurate lawsuit.

68. As result this act caused injury to Roberts and Chase is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## Count VIII

69. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

70. Upon information and belief Kevmar between September 27, 2010 and November 19, 2010 prior to filing of their lawsuit in Arkansas State District Court, Kevmar made no demands or claims on Roberts for payment.

71. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## Count IX

72. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

**73.** Upon information and belief the amount, $2,228.07 sued for by Kevmar is excessive.

**74.** As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

### Count X

**75.** Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

**76.** Upon information and belief the amount of interest, $236.97 claimed by Kevmar as of November 19, 2010, is excessive.

**77.** As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

### Count XI

**78.** Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

**79.** Kevmar has failed to submit a copy of the signed contract or credit card agreement setting forth the specific details of the agreement between Chase and Roberts and, in so doing, is attempting to collect a sum not founded upon any lawful instrument of indebtedness, and has added excessive fees.

**80.** As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## Count XII

81. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

82. Upon information and belief Kevmar has instituted this suit in violation of the FDCP A and Arkansas Fair Debt Collection Practice Act.

83. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## Count XIII

84. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

85. That Kevmar has mounted this lawsuit to collect a debt while it is not licensed or bonded in breach of Federal and State laws.

86. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

## Count XIV

87. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

88. That Kevmar knew or should have known that its purchases from Chase Bank USA NA may have been rift with problems of inaccurate and deceptive issues since it knew Chase was being sued in a number of national cases for Breach of Contract, Breach of Implied Covenant, violation of the Truth in Lending Act.

89. That Kevmar was grossly negligent in the most basic sense of collection practice by failing to give notice of the debt prior to bring suit.

90. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.


**Count XV**

91. Roberts restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

92. Kevmar violated Fair Debt Collection Practice Act, (FDCPA) and AFDCPA by bringing a legal action to collect an amount in excess of the amount due thereby falsely representing the character and amount of the debt.,

93. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.


**COUNT XVI**

94. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

95. Upon information and belief Kevmar is attempting to collect a sum not founded upon any lawful instrument of indebtedness.

96. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

**Count XVII**

97. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

98. Upon information and belief Kevmar is engaged in unjust enrichment by mounting a lawsuit claiming an interest amount on a debt for which it has no lawful validation for.

99. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

**Count XVIII**

100. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

101. Upon information and belief Kevmar act of filing this lawsuit in the absence of the initial notices required by Federal and State statutes protecting rights of consumers, was and is an act in furtherance of the illegal and unlawful actions of Chase in its practice of deceptive means to collect a debt.

102. As result this act caused injury to Roberts and Kevmar is liable for declaratory judgment, actual damages, statutory damages, cost and fees.

**Count XIX**

103. Roberts's restates and re-alleges the preceding paragraphs of this Complaint as though set forth at length herein.

104. As a direct result of Kevmar and Chase's actions, such actions are wanton, willful and oppressive and plaintiff has lost sleep, experienced moods of anger, anxiety, emotional distress

and the same has disrupted his entire household, thus entitling Plaintiff to punitive and exemplary damages

## Count XX

### Declaratory Relief

**105.** Plaintiff restates and re-alleges the preceding paragraphs of this Complaint as though set out here word for word.

**106.** Plaintiff seeks a Declaratory Judgment finding that the conduct of Kevmar and Chase  is in violation of  the Arkansas Deceptive Trade Practices Act,  Ark. Code. Ann. 4-88-101 to 115 and enjoining them from continuing in such conduct.

**107.** That Kevmar's actions are in violation of ACA 17-24-512 and enjoining them  from continuing in such conduct

### PRAYER FOR RELIEF

**WHEREFORE,** Casey Roberts pray that judgment be entered against Kevmar Capital Corporation and Chase Bank USA NA on each count: Specifically;

**Count I.** Against Chase Bank: Breach of contract A.C.A 4-88-107; 6 Del. Code Ann. §§2511-2537

**Count II.** Against Chase Bank: Truth in Lending Act 15 U.S.C. §1601, 1666j & Regulation Z, 12 CFR part 226; AFDCPA 17-24-501 and FDCPA 15 USC 1592.

**Count III,** Against Chase Bank Breach of Duty of Good Faith: A.C.A 4-88-107 and 6 Del. Code Ann. §§2511-2537

**Count IV,** Against Chase Bank Violations of the Deceptive Trade Practices; Arkansas Statute 4-88-107 (a) (5)(B) (10); 4-88-1 07(a)(8)(D)(E),(1 0) and the Federal Trade Commission Act 15 USC 1501 et seq..

**Count V,** Against Chase Bank; Unjust Enrichment A.C.A. 4-88-107(a) (10)

**Count VI,** Against Chase Bank; 15 USC 1692e (8) and AFDCPA

**Count VII,** Against Chase Bank; 15 USC 1601 et seq., A.C.A. 4-88-107

**Count VIII,** Against Kevmar; 15 USC 1692g (a) and AFDCPA

**Count VIX,** Against Kevmar; 15 USC 1692f (l) and AFDCP A

**Count X,** Against Kevmar; 15 USC 1692f (l) and AFDCP A

**Count XI,** Against Kevmar; 15 USC 1692f (l) and AFDCPA

**Count XII,** Against Kevmar; 15 USC 1692f and AFDCPA

**Count XIII,** Against Kevmar; 15 USC 1692f; AFDCPA; A.C.A. 17-24-104 and 17-24-306

**Count XIV,** Against Kevmar; 15 USC 1692g (a) (3) and AFDCPA

**Count XV,** Against Kevmar; 15 USC 1692e (2) and AFDCP A

**Count XVI,** Against Kevmar; 15 USC 1692f (1) and AFDCP A

**Count XVII,** Against Kevmar; 15 USC 1692f (1) and AFDCP A

**Count XVIII,** Against Kevmar; 15 USC 1601 (a); 16ge (10); AFDCPA; A.C.A 4-88-107 and 12 CFR 226.1 (b)

**Count XIX,** Against Kevmar and Chase, Damages for: lost sleep, causing experienced moods of anger, anxiety, emotional distress, and disruption of my household.

**Indemnification**: That Chase defend and indemnify, release and hold harmless Roberts for any claims or sums claimed by Kevmar by way of settlement, judgment or otherwise in the state court action.

**Declaratory Judgment**: Roberts see declaratory Judgment against Kevmar and Chase on each violation found herein.

**Damage Award**: Roberts seek: Maximum Statutory Amount on each violation, and:

- Award of actual damages pursuant to 15 U.S.C. § 1692k (a) (1) and AFDCPA against each Defendant.

- Award of statutory damages of $I, 000.00 each count pursuant to 15 U.S.C. 1692k (a)(2)(A), and $I, 000.00 each count pursuant to AFDCP against Kevmar and Chase.

- Award of costs of litigation and reasonable costs pursuant to 15 U.S.C. § 1692k (a) (3) against each Defendant;

- Award of Statutory damages pursuant to Arkansas Statute 4-88-107 and the Federal Trade Commission Act 15 USC 1501 et seq. each violation against Chase and Kevmar.

- That judgment be entered against Chase and Kevmar in favor of Roberts for actual, and compensatory damages of each in the amount of 2 million dollars.

- That judgment be entered against Chase and Kevmar for Punitive damages each, in the amount of 5 Million dollars

- That a judgment be entered imposing interest on damages, litigation costs, and other fees against Chase and Kevmar;

- For such other and further relief as may be just and proper.

## JURY DEMAND

Roberts is entitled to and hereby respectfully demands a trial by jury on all issues triable. US Const. Amend. 7; Arkansas Rules of Civil, Rule 38(a).

September 14, 2011

Respectfully Submitted,

Casey Roberts
26 Campden Hill Rd
Sherwood Arkansas 72120
(501) 833-0503)
croberts@cfr1.us

State of **Arkansas**
County of **Pulaski**

    **Before Me** personally appeared Casey Roberts who upon being duly sworn depose and says that the allegations and statements made herein is true and correct to the best of his knowledge and belief.

**SUBSCRIBED AND SWORN BEFORE ME**, a Notary Public this ⟨14⟩ day of September, 20 11 .

Notary Public

My Commission Expires:

06-01-2021

SEAL