**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CASEY ROBERTS**                                                  **PLAINTIFF**

**v.**                                 **4:11-CV-00681-BRW**

**KEVMAR CAPITAL CORPORATION,** *et al.*                **DEFENDANTS**

<u>**ORDER**</u>

Pending is a Motion to Vacate Entry of Default by Defendants JP Morgan Chase Bank and Chase Bank USA NA (collectively "Chase") (Doc. No. 7). Plaintiff has responded.[1] For the reasons set out below, the Motion is GRANTED.

**I.    BACKGROUND**

On October 4, 2011, Plaintiff applied to the Clerk of the Court for the entry of default against Chase; the clerk's default was entered that same day.[2] Plaintiff, who is proceeding *pro se*, did not seek default judgment after the clerk's default was entered. On February 17, 2012, I set this case for a hearing, and directed that a copy of the Order be sent to Chase; Chase apparently received the Order on February 27, 2012.[3] About a week later, Chase filed its Motion to Vacate Entry of Default.

Chase asks the Court to vacate the entry of default for good cause -- because it confused Plaintiff's complaint in this case with a complaint Plaintiff filed against Chase in the District

---

[1]Doc. Nos. 12, 13, and 14.

[2]Doc. Nos. 3, 4.

[3]Doc. Nos. 5, 6.

Court of Pulaski County, Arkansas, around the same time. Chase contends that its marginal failure should be excused.[4] Plaintiff disagrees.

## II. DISCUSSION

A "default" occurs when a defendant failed to answer or otherwise respond to a complaint, and an "entry of default" is what the clerk of the court enters when it is established that a defendant is in default.[5] The entry of default does not determine any rights, but is a procedural step in obtaining default judgment. Under Rule 55(c) of the Federal Rules of Civil Procedure, a court "may set aside an entry of default for good cause."[6] In deciding whether to set aside an entry of default, the court must weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."[7]

### A. Chase's Conduct

In September, 2011, Plaintiff sued Chase in both state and federal court, filing both complaints within days of one another.[8] Both complaints named the same defendants and contained the same allegations.[9] Chase answered the state-court complaint, but not the complaint in this case, thinking that the second complaint was related to the state-court

---

[4]Doc. No. 8.

[5]See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

[6]Fed. R. Civ. P. 55(c).

[7]*Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

[8]Doc. No. 7.

[9]*Id*.

proceedings.[10] As Chase pointed out, the Eighth Circuit has affirmed the setting aside of an entry of default under similar circumstances.[11] Further, "[w]hen the party is blameless and the attorney is at fault, the former interests control and a default . . . should ordinarily be set aside."[12] Chase's level of blameworthiness under these circumstances is minimal, and weighs in favor of setting aside the default.

### B. Whether the Defaulting Party has a Meritorious Defense

A court determines whether a meritorious defense exists "by examining whether the proffered evidence would permit a finding for the defaulting party."[13] "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default."[14]

Plaintiff's 19-count complaint alleges violations of state and federal law.[15] Chase maintains that: Plaintiff's state-law claims are preempted by federal law; Plaintiff's state law claims nonetheless would fail; and that Plaintiff's federal claims would also fail. Chase also brings into question whether subject matter jurisdiction exists in this case. Chase provides a detailed analysis of the issues, which appears reasonable. Chase has also outlined a meritorious defense that weighs in favor of setting aside the entry of default against it.

---

[10]Doc. Nos. 7, 8.

[11]*Rasidescu v. Globe College, Inc.*, 105 Fed. Appx. 121, 122-23 (8th Cir. 2004); *United States ex rel. Shaver v. Lucas Western Corp.*, 237 F.3d 932, 933 (8th Cir. 2001).

[12]*Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (8th Cir. 1988).

[13]*El-Batrawi*, 524 F.3d at 914.

[14]*Augusta Fiberglass*, 843 F.2d at 812 (citing 10 C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2697, p. 531 (2d ed. 1983)).

[15]Doc. No. 7. The counts against Chase alleging violations of state law are: I, III, IV, V, VI, and VII. The counts against Chase alleging violations of federal law are: II, IV, VI, and VII.

3

### C. Prejudice to the Non-Defaulting Party

Plaintiff contends that he will be prejudiced if the entry of default is set aside, and refers to discovery he believes is prohibited under a settlement agreement in a class action against Chase,[16] as well as an apparently on-going state-court action against Defendant Kevmar Capital Corporation, Inc., which has not been served in this case.[17]

As noted by Plaintiff, one Defendant in this case has not been served. This case is in its early stages, with no initial scheduling order entered yet. Obviously, setting aside the default will delay the proceedings, but "delay alone, or the fact that the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff."[18] Plaintiff will not suffer the requisite prejudice if the entry of default is set aside.

### CONCLUSION

Because all three factors above weigh in favor of setting aside the entry of default, Chase's Motion (Doc. No. 7) is GRANTED; the October 6, 2011 Clerk's Entry of Default is set aside. Accordingly, the hearing set for Friday, April 27, 2012, is cancelled.

IT IS SO ORDERED this 10th day of April, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[16] *David Kardonick, Individually and on Behalf of all Others Similarly Situated and the General Public v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, No. 1:10-CV-23235-WMH (S.D. Fla.) It seems, though, that Plaintiff opted out of the class action. 1:10-CV-23235-WMH (S.D. Fla.), Doc. No. 367, Ex. 7 (Aug. 26, 2011).

[17] Doc. No. 13.

[18] *El-Batrawi*, 524 F.3d at 915.